| | CIVIL MINUTES – GENERAL | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 2:16-cv-08514-CAS (AFMx) | Date | May 8, 2017 |
| Title | OGIO INTERNATIONAL, INC. v. ETHOS USA, INC. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | | N/A |
| Deputy Clerk | Court Reporter / Recorder | | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: | |
| Not Present | | Not Present | |

**Proceedings:** (IN CHAMBERS) - PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (Filed April 7, 2017, Dkt. 14)

## I.   INTRODUCTION

On November 15, 2016, plaintiff Ogio International, Inc. ("Ogio") filed this action against defendant Ethos USA, Inc., doing business as Ethos Management Group ("Ethos"). Dkt. 1 ("Complaint"). Ogio alleges that Ethos purchased golf bags and backpacks manufactured by Ogio for $230,567 ("the Goods"), the Goods were delivered and accepted, Ogio issued invoices to Ethos for the purchases, and Ethos failed to pay the invoices. Ogio seeks recovery of the $230,567 purchase price for the Goods, plus interest, attorneys' fees, and costs. Id.

Ethos has not appeared in this action. On January 24, 2016, Ogio filed an ex parte application for service by publication. Dkt. 8. In its application, Ogio explained that it had exercised due diligence, but had been unable to personally serve Ethos with the Complaint. Id. The Court granted the application and directed Ogio to serve Ethos via publication in The Orange Coast Daily Pilot for four successive weeks. Dkt. 9. Upon compliance, Ogio was directed to provide proof of compliance by providing a return of service detailing its compliance. Id. On February 23, 2017, Ogio filed proof of service in compliance with the Court's order. Dkt. 10. Ethos failed to file an answer or otherwise respond to service.

On March 31, 2017, the clerk entered default against Ethos. Dkt. 13. On April 7, 2017, Ogio filed the instant motion for default judgment against Ethos. Dkt. 14 ("Motion"). To date, Ethos has not appeared in this matter. Consistent with the local

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O'  JS-6 |
|---|---|---|---|
| Case No. | 2:16-cv-08514-CAS (AFMx) | Date | May 8, 2017 |
| Title | OGIO INTERNATIONAL, INC. v. ETHOS USA, INC. | | |

rules, plaintiff scheduled the instant motion for a hearing on May 8, 2017, at 10:00 a.m. and stated that hearing date and time on plaintiff's notice of motion. Dkt. 14. During the Court's motions calendar on May 8, 2017, neither plaintiff nor defendant appeared on the matter. Accordingly, the Court took the matter under submission.

## II.  BACKGROUND

Ogio is a Utah corporation that designs and manufactures bags, backpacks, and luggage. Complaint ¶ 2. Ethos is a California corporation in the business of wholesale and retail sporting equipment, supplies, and accessories. Id. ¶ 3.

Between February 18 and February 19, 2014, Ogio shipped bags to Ethos for a total price of $230,567. Id. ¶ 7. Ogio issued invoices to Ethos for the bags and payment for the Goods was due between March 20 and 21, 2014. Id. ¶ 8. Ethos received the Goods and its designee accepted delivery. Id. ¶ 10. Ethos also received the Invoices. Id. ¶ 14. Ogio alleges that Ethos has acknowledged in writing that it is liable for the price of the Goods. Id. ¶ 17. Ethos has never paid for the Goods. Id. ¶ 16.

## III.  LEGAL STANDARD

Granting or denying a motion for default judgment is a matter within the court's discretion. Elektra Entertainment Group, Inc. v. Bryant, 2004 WL 783123, *1 (C.D. Cal. Feb. 13, 2004); see also Sony Music Entertainment, Inc. v. Elias, 2004 WL 141959, *3 (C.D. Cal. Jan. 20, 2004). The Ninth Circuit has directed that courts consider the following factors in deciding whether to enter default judgment: (1) the possibility of prejudice to plaintiff; (2) the merits of plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning the material facts; (6) whether defendant's default was the product of excusable neglect; and (7) the strong policy favoring decisions on the merits. See Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986); see also Bryant, 2004 WL 783123 at *1-2.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | **'O'** **JS-6** |
|---|---|---|---|
| Case No. | 2:16-cv-08514-CAS (AFMx) | Date | May 8, 2017 |
| Title | OGIO INTERNATIONAL, INC. v. ETHOS USA, INC. | | |

## IV. DISCUSSION

As an initial matter, Ogio has complied with the procedural requirements of Federal Rule of Civil Procedure 55(b)(2) and Local Rule 55-1.[1] Accordingly, the Court proceeds to evaluate the Eitel factors.

### 1. Possibility of Prejudice to Plaintiff

The first Eitel factor weighs in favor of entry of default judgment. Ogio contends that Ethos purchased goods, Ogio shipped the goods to Ethos, and Ethos never paid for them. Because Ethos has not appeared in this matter, Ogio will be without any other recourse for recovery unless default judgment is granted. See PepsiCo, Inc. v. California Sec. Cans, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002) (stating that plaintiffs would have no other recourse if a default judgment were not entered).

### 2. The Merits and Sufficiency of Plaintiff's Substantive Claims

The next two Eitel factors turn upon the adequacy of plaintiff's allegations and whether plaintiff has stated a claim upon which plaintiff may recover. Kloepping v. Fireman's Fund, No. C 94-2684 TEH, 1996 WL 75314, at *2 (N.D. Cal. Feb. 13, 1996). Plaintiff alleges an action for price, open book account, account stated, and unjust enrichment.

"A book account is created by the agreement or conduct of the parties in a commercial transaction." H. Russell Taylor's Fire Prevention Serv., Inc. v. Coca Cola Bottling Corp., 99 Cal. App. 3d 711, 728, 160 Cal. Rptr. 411 (Ct. App. 1979). "To prevail on an open book account claim, a plaintiff must show that: (1) Plaintiff and Defendant had financial transactions; (2) that Plaintiff kept an account of the debits and credits involved in the transactions; (3) that Defendant owes money on the account; and (4) the amount of money that Defendant owes Plaintiff." In re Beshmada, LLC, No. 2:09-

---

[1] Ogio has offered a declaration establishing when and against whom default was entered, the pleading to which default was entered, whether the defaulting party is an infant or incompetent (Ethos is not), and that the Servicemembers Civil Relief Act does not apply. See Dkt. 14-1, Declaration of Scott Blakeley ¶¶ 8-11.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | 'O' JS-6 |
|---|---|---|---|
| Case No. | 2:16-cv-08514-CAS (AFMx) | Date | May 8, 2017 |
| Title | OGIO INTERNATIONAL, INC. v. ETHOS USA, INC. | | |

BK-25523-BR, 2014 WL 4060262, at *7 (C.D. Cal. Aug. 15, 2014) (quotation marks omitted).

Here, plaintiff alleges that Ogio and Ethos had financial transactions,[2] that Ogio kept an account of the transactions, that Ethos owes debts on the open account, and that the amount owed is $230,567. Accordingly, plaintiff has adequately stated a claim for relief on its open book account claim.

Ogio further alleges that Ethos accepted the Goods and has never revoked acceptance or otherwise disputed the amount owed. Accordingly, Ogio has also alleged an action for price and for restitution. Exp. Dev. Canada v. Deluxe Garage Door, Inc., No. LACV1607368JAKASX, 2017 WL 1483299, at *3 (C.D. Cal. Apr. 17, 2017) (describing analogous allegations and granting default judgment with respect to an action for price and for restitution).

"An account stated is an agreement, based on prior transactions between the parties, that all items of the account are true and that the balance struck is due and owing from one party to the other. . . . As in the case of any contract the agreement need not be express, but may be implied from the circumstances. If the account be sent to the debtor and he do not object to it within a reasonable time, his acquiescence will be taken as an admission that the account is truly stated." Trafton v. Youngblood, 69 Cal. 2d 17, 25, 442 P.2d 648, 653 (1968). Here Ogio alleges that it sent invoices to Ethos and that Ethos has acknowledged owing the amount on Ethos's account with Ogio. Accordingly, Ogio has alleged an account stated, upon which Ethos continues to owe an outstanding debt.

These two Eitel factors weigh in favor of default judgment.

---

[2] Plaintiff has submitted copies of the invoices involved and a copy of its account statement in relation to Ethos's purchases. Those records appear to reflect past financial transactions between the parties, namely, that Ethos partially paid $12,217.2 on Invoice 1268748. See Dkt. 14-2 Ex. 1. They also reflect an outstanding balance of $230,567 owed by Ethos. Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'    JS-6

| Case No. | 2:16-cv-08514-CAS (AFMx) | Date | May 8, 2017 |
|---|---|---|---|
| Title | OGIO INTERNATIONAL, INC. v. ETHOS USA, INC. | | |

### 3. The Sum of Money at Stake in the Action.

Plaintiff seeks to recover $230,567 plus approximately $70,000 in interest. Courts have found comparable sums to be reasonable. See WM Capital Partners XXXV, LLC v. Men's Warehouse, Inc., No. 14-CV-03556-EDL, 2015 WL 8567381, at *2 (N.D. Cal. Nov. 6, 2015), report and recommendation adopted sub nom. WM Capital Partners XXXV, LLC v. The Men's Warehouse, Inc., No. C 14-03556 WHA, 2015 WL 8527327 (N.D. Cal. Dec. 11, 2015) ("$232,091.76, is lower or similar to other sums that courts have found reasonable"); Church Bros., LLC v. Garden of Eden Produce, LLC, No. 5:11-CV-04114 EJD, 2012 WL 1155656, at *3 (N.D. Cal. Apr. 5, 2012) ($212,259.21 is "modest sum" by comparison to the $2,900,000 at stake in Eitel). Accordingly, this factor weighs in favor of default judgment.

### 4. Possibility of Dispute

"Upon entry of default, all well-pleaded facts in the complaint are taken as true, except those relating to damages." PepsiCo, 238 F. Supp. 2d at 1177. Accordingly, there do not appear to be disputed material facts and this factor weighs in favor of default judgment.

### 5. Excusable Neglect

There is some risk that Ethos is wholly unaware of this lawsuit. However, Ethos was properly served in this matter and has failed to maintain an up-to-date address with the California Secretary of State for service of process. See Dkt. 8-2 (describing Ogio's efforts to serve James Shih Hsin Chao, Ethos's listed agent for service of process at various registered addresses). Accordingly, it is unlikely that Ethos's failure to appear is the result of *excusable* neglect. See Chuck Olsen Co. v. F.P.D., Inc., No. CV 13-5062 DMG (EX), 2015 WL 12791410, at *3 (C.D. Cal. Nov. 23, 2015) (neglect is unlikely to be excusable where party was properly served via publication). This factor weighs in favor of default judgment.

### 6. Public Policy in Favor of Deciding the Merits

Although there is a general public policy in favor of decisions on the merits, a party's failure to answer or appear makes a decision on the merits impractical, if not

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**      'O'      JS-6

| Case No. | 2:16-cv-08514-CAS (AFMx) | Date | May 8, 2017 |
|---|---|---|---|
| Title | OGIO INTERNATIONAL, INC. v. ETHOS USA, INC. | | |

impossible. PepsiCo, 238 F. Supp. 2d at 1177. Accordingly, this factor does not preclude entry of default judgment.

In light of the foregoing, all of the Eitel factors weigh in favor of entry of default judgment except the public policy preference for decisions on the merits. Consequently, the Court finds it appropriate to grant the motion for default judgment against Ethos.

### 7.    Damages

"The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977). Ogio has offered evidence that Ethos owes $230,567 on its open book account with Ogio. See Dkt. 14-2 ¶ 3, Ex. 1.

California Civil Code § 3289(b) provides:

> If a contract entered into after January 1, 1986, does not stipulate a legal rate of interest, the obligation shall bear interest at a rate of 10 percent per annum after a breach.

"While the award of prejudgment interest is in the discretion of the trial judge, this discretion must be exercised with a view to the right to interest unless the circumstances are exceptional." Alkmeon Naviera, S.A. v. M/V Marina L, 633 F.2d 789, 797 (9th Cir. 1980) (quotation marks omitted). Here, Ogio has been deprived the use of money to which it was entitled. Accordingly, prejudgment interest would serve an appropriate compensatory purpose rather than serve as a penalty. Accordingly, Ogio is entitled to 10% annual prejudgment interest commencing from the date upon which payments were due for Ethos's purchases.

Three of the invoices at issue state that full payment was due on March 21, 2014. The other two were due on March 20, 2014. At a rate of ten percent per annum, $230,567 would accrue $63.17 per day in interest. From March 21, 2014, to May 8, 2017, 1,141 days elapsed (excluding a leap day). Accordingly, Ogio is entitled to $72,076.97 in prejudgment interest.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' JS-6 |
|---|---|---|---|
| Case No. | 2:16-cv-08514-CAS (AFMx) | Date | May 8, 2017 |
| Title | OGIO INTERNATIONAL, INC. v. ETHOS USA, INC. | | |

## V. CONCLUSION

In light of the foregoing, Ogio's motion for default judgment is **GRANTED**.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Judgment be entered in favor of plaintiff on all claims and Ethos shall be liable to plaintiff in the amount of $302,643.97.[3]

IT IS FURTHER ORDERED that this court retains jurisdiction over any matter pertaining to this judgment. Plaintiff's counsel shall submit a Proposed Judgment in accordance with this order, forthwith.

IT IS SO ORDERED.

|   |   |   |
|---|---|---|
|   | 00 | 00 |
| Initials of Preparer | CMJ | |

---

[3] Ogio has submitted a proposed judgment that includes costs of $1,316.97 and attorneys' fees of $7,348.50. Ogio's moving papers do not explain the basis for either of these numbers, which appear for the first and only time in Ogio's proposed judgment. Accordingly, the Court does not reach these apparent additional requests at this time.